Argued April 7, affirmed May 16, petition for rehearing denied
May 31, 1978

PITTS, *Appellant,*
*v.*
STRAIN, *Respondent.*
(No. 76-969, SC 25285)

578 P2d 1238

Jerry O. Lesan, of Stevenson, Rossi, Lesan & Johansen, Coos Bay, argued the cause and filed briefs for appellants.

Paul D. Clayton, of Luvaas, Cobb, Richards & Fraser, Eugene, argued the cause and filed a brief for respondent.

Before Holman, Presiding Justice, Howell and Lent, Justices, and Joseph, Justice Pro Tempore.

HOLMAN, J.

## HOLMAN, J.

This action for damages, based upon the claimed wrongful death of a 13-year-old boy, was brought by the personal representative of the boy's estate for the benefit of his parents. Plaintiff appeals from a judgment entered on a jury verdict for defendant.

The decedent was operating his bicycle in a westerly direction in the east-bound lane of traffic on a public highway when he was killed by a collision with defendant's automobile. Defendant was operating his vehicle in an easterly direction in the east-bound lane. Accompanying the decedent was a cousin who was operating his bicycle in the same direction as decedent was traveling but in the west-bound lane of traffic. The two boys had been looking for bottles in the ditches alongside the highway.

The highway forms the northerly boundary of the western portion of a Coos County public park for a distance of approximately 3,400 feet and then bisects the park for another 3,000 feet approximately. It was in dispute as to whether the accident took place on that part of the highway which bounded the park or whether it took place on that part which bisected the park.

One of the allegations of negligence made against defendant was excessive speed. The trial judge instructed the jury that the statutory speed limit in a public park is 25 miles per hour, as provided by ORS 487.470. That statute, in part, provides that the speed limit is 25 miles per hour "[i]n public parks, unless a different speed is designated by state or local authorities, as authorized by law, and duly posted." He left up to the jury the question of whether the accident occurred in a public park. Plaintiff assigned as error the trial court's failure to instruct the jury that the 25-mile-per-hour speed limit applied as a matter of law. Plaintiff's basic contention, therefore, is that even if the accident occurred where the road only

bounded (as differentiated from bisected) the park, the accident nevertheless occurred "in a public park."

There is no contention by plaintiff that if the accident occurred where the road bordered the park, the road was physically within the confines of the park. He does contend, however, that the danger sought to be avoided by the statute is present where the road borders the park as well as where it bisects it; and that the present factual situation therefore falls within the intended scope of the statute regardless of whether it occurred where the road bisected the park or where it only bordered it. No definition is specified by statute as to what constitutes "in public parks." Plaintiff argues that there was a sign posted where the highway first borders the park, which sign read "Entering Laverne County Park." Such a sign cannot change the legislative intent, whatever it was. The sign is a matter which might properly have been taken into consideration by the jury in their determination of whether defendant was guilty of common law negligence, but it is not a matter which a court may properly take into consideration in deciding the intended breadth of the statute.

Plaintiff also argues that in similar statutory contexts the legislature has demonstrated that where dangers have existed on only one side of the road, it intends the statutory limitation on vehicle operation to be as applicable as if the danger had existed on both sides. He calls our attention to ORS 483.002(3) in which a "business district" is defined as

"* * * the territory contiguous to a highway when 50 percent or more of the frontage thereon for a distance of 600 feet or more on one side, or 300 feet or more on both sides, is occupied by buildings used for business";

and to ORS 483.020(1) in which a "residence district" is defined as

"* * * the territory contiguous to a highway not comprising a business district when the frontage on one or both sides of such highway for a distance of 300 feet or more is mainly occupied by dwellings, churches, public

[ 332 ]

parks within cities or other residential service facilities or by dwellings and buildings used for business."

Plaintiff's argument proves too much. It demonstrates that in circumstances in which the danger is on only one side of the highway and the legislature intends, nevertheless, to make a traffic restriction applicable, it is capable of saying so. For all we know, the legislature made the distinction between one side and both sides and chose to make the speed restriction applicable only where the danger was on both sides. It is a legitimate distinction, and, therefore, since we have been furnished with no persuasive indication of legislative intent, we follow the literal wording of the statute and conclude that the trial court did not err in failing to instruct the jury that the 25-mile-per-hour instruction on speed was applicable as a matter of law.

■ Plaintiff points out that the trial court erred in letting the jury decide whether the statutory restriction applied to the operation of defendant's vehicle at the time of the accident if the accident occurred at a point where the road bordered the park, instead of making that decision itself. Plaintiff is correct; however, he was not disadvantaged by the court's error since he received a jury determination on an issue which, in any event, should have gone against him as a matter of law.

■ Plaintiff also assigns as error the trial court's failure to instruct the jury that defendant was guilty of negligence as a matter of law. However, this contention is also based upon plaintiff's assumption that the 25-mile-per-hour speed restriction is applicable as a matter of law. In the absence of the application of the restriction, the judge was not in error in failing to rule that defendant was negligent as a matter of law.

Plaintiff's last assignment contends that the trial court erred in instructing the jury that the grief and mental anguish of decedent's parents could not be taken into consideration in assessing their damages. It

is unnecessary to decide this issue because the jury returned a verdict which found that defendant was not negligent.

The judgment of the trial court is affirmed.